JOHN M. QUINN, DEFENDANT IN ERROR, v. WEST JERSEY AND SEASHORE RAILROAD COMPANY, PLAINTIFF IN ERROR.

Argued July 1, 1909—Decided November 15, 1909.

The plaintiff, having driven to within three feet of defendant's track and there stopped, looked and listened for an approaching train, and it appearing that at that point his range of vision extended about two hundred feet up the track, and, hearing and seeing no train, he attempted to cross, when an electric train coming at high speed suddenly emerged and caused the damage complained of. There was evidence from which a jury might infer that the audible signals required by statute were not given. *Held,* that under these circumstances a jury question was presented, and a motion to nonsuit was properly refused.

On error to Atlantic Circuit.

For the plaintiff in error, *Bourgeois & Sooy.*

For the defendant in error, *John W. Wescott.*

The opinion of the court was delivered by

MINTURN, J. The plaintiff received his injuries under the following circumstances: On June 29th, 1907, he drove with two children in his wagon to the station at McKee City to cross defendant's tracks on English Creek avenue, which tracks run north and south. On the westerly side of the track is the station which is distant about twenty-eight feet north of the avenue and within the usual distance of such structures from the track. The plaintiff, driving westwardly, crossed the tracks, approached the station, turned his horse to the right along the platform at the southerly side and waited for the approach of the down train upon which he expected his mother. She having failed to arrive upon the train, the plaintiff procured his mail and remained sitting in his wagon perusing the correspondence, after which he started to leave and turned the horse's head to the left, immediately behind

the station, and drove into English Creek avenue back of the station in an easterly direction. At this point his conduct, as testified to by himself, was as follows: "I pulled up and started my horse's head about three feet from the track, or a little more, and looked up and listened and didn't hear anything, and couldn't see anything, for the station was in the road there. It is built up to the track. There was a pole there which obstructed the view to the right at the end of the platform and there is also an alcove in front of the station of about three feet or so." He testified he could see up the track about three hundred feet when he was about eight feet from the track, but upon cross-examination concluded that the vision might be limited to one hundred and fifty feet. He, however, drove to within three feet of the track, from which point he could see from one hundred to two hundred feet, and looking and seeing no train drove on. He then took out his whip as he started to cross the track, but when almost over the last rail, he suddenly espied an electric train coming, and thereupon whipped up his horse, but before the wagon could clear the track it was struck by the train and the plaintiff was thrown out by the impact, thereby sustaining the injuries which form the basis of this suit.

This presentation of facts was more or less controverted by defendant's witnesses, and, in addition thereto, there was evidence from which a jury might infer that the audible signals required by statute were not given, and thereby was presented a question of fact for the jury.

Under these circumstances neither the alleged contributory negligence upon the plaintiff's part, nor the alleged tortfeasance of the defendant can be predicated as matter of law, and the trial court therefore correctly denied the motion for a nonsuit, and, with equal propriety, refused to direct a verdict for the defendant at the close of the case.

Negligence and contributory negligence are relative terms, to be determined upon the facts of each case, so that the rules governing this department of the law, by long-continued judicial reiteration, have become axiomatic, one of which, in the language of the leading English case, is that "upon any

given state of facts it is for the judge to say whether negligence can legitimately be inferred, and for the jury to say whether it ought to be inferred." *Metropolitan Railway Co.* v. *Jackson,* 47 *L. J. H. L.* 303; *Pennsylvania Railroad Co.* v. *Righter,* 13 *Vroom* 180; *Newark Passenger Railway Co.* v. *Block,* 26 *Id.* 605; *Consolidated Traction Co.* v. *Chenowith,* 32 *Id.* 554.

This rule succinctly presents the legal *status* of the case at bar, and requires that the judgment be affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, CONGDON, JJ. 14.

*For reversal*—None.